UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:  14:81258-cv- MIDDLEBROOKS/BRANNON

LINDA CAMBERDELLA, as Personal
Representative of the Estate of Michael
Camberdella; LINDA CAMBERDELLA and
IRVING CAMBERDELLA, as Guardians and
Natural Parents of N.C., a minor

        Plaintiffs,

vs.

PALM BEACH COUNTY SHERIFF'S
OFFICE, RIC L. BRADSHAW, in his official
capacity as Sheriff of Palm Beach County,
Florida; and WILLIAM GOLDSTEIN, in his
individual capacity,

        Defendants.

_____/

## RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNTS II AND III OF PLAINTIFFS' SECOND AMENDED COMPLAINT

COMES NOW Plaintiffs, LINDA CAMBERDELLA, as Personal Representative of the

Estate of MICHAEL CAMBERDELLA; LINDA CAMBERDELLA and IRVING

CAMBERDELLA, as Guardians and Natural Parents of N.C., a minor, by and through undersigned

counsel and files this Response in Opposition to Defendant's Motion to Dismiss Counts II and  III

of Plaintiff's Second Amended Complaint and states as follows:

### I.    BACKGROUND

The Defendants owed a duty to act reasonable to 18-year-old autistic Michael Camberdella

when Deputy William Goldstein was in a position to wait for back-up and professional assistance to

avoid escalating his encounter with Michael Camberdella. Deputy Goldstein admits Michael

Camberdella complied with his request to drop his gardening sheers and a rubber hammer.  Yet,

CASE NO.: 14:81258-cv

despite his compliance, Deputy William Goldstein unreasonably fired 11 bullets at Michael Camberdella, including one that penetrated Michael's heart causing his untimely and wrongful death.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

When considering a motion to dismiss for failure to state a claim, the court must assume that the factual allegations in the complaint are true. *Huckaby v. E. Alabama Med. Ctr.*, 830 F. Supp. 1399, 1401 (M.D. Ala. 1993) *citing Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).   Moreover, the court must give the plaintiff the benefit of all reasonable factual inferences. *Goodridge v. Siemens Energy, Inc.*, 276 F.R.D. 540, 541 (N.D. Ala. 2011) *citing Hazewood v. Foundation Financial Group, LLC,* 551 F.3d 1223, 1224 (11th Cir.2008) (per curiam).

## II.     ARGUMENT

### A. PLAINTIFFS CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS IS PROPERLY PLEAD.

First and most importantly, Defendants' attempt to dismiss this cause of action was previously addressed and denied by the Honorable Catherine Brunson. *See Ex. A* – Order Denying Defendants' Motion to Dismiss; *Ex. B* – Defendant's Motion to Dismiss, *Ex. C* – Plaintiff's First Amended Complaint.

CASE NO.: 14:81258-cv

Second, courts repeatedly recognize a Plaintiffs' right to file a cause of action against a governmental entity for negligent infliction of emotional distress. *See City of Boynton Beach v. Weiss*, 120 So. 3d 606, 612 (Fla. Dist. Ct. App. 2013); *Williams v. City of Minneola*, 575 So. 2d 683, 694 (Fla. Dist. Ct. App. 1991), *Fernander v. Bonis*, 947 So. 2d 584, 590 (Fla. Dist. Ct. App. 2007). Further, as noted in the case law cited by Defendants, the courts also recognize an exception to the impact rule or found it to be inapplicable. *Gracey v. Eaker*, 837 So. 2d 348, 351 (Fla. 2002). In *Kush v. Lloyd,* the court recognized that the impact rule generally "is inapplicable to recognized torts in which damages often are predominately emotional." *Kush,* 616 So.2d at 422.    To exemplify, the court recognized, "[t]he emotional distress that the Graceys allege they have suffered is at least equal to that typically suffered by the victim of a defamation or an invasion of privacy." *Id.* at 356.    The court also recognized "we can envision few occurrences more likely to result in emotional distress than having one's psychotherapist reveal without authorization or justification the most confidential details of one's life." *Id.*

This case is much more serious.    As described in Plaintiffs' Complaint, "At all material times, N.C., a minor was in the general vicinity, and heard the shooting of the gun that killed her beloved brother, and soon after the shooting observed her brother dying just outside of her home. 2nd Compl., ¶ 47. The Plaintiff, N.C., a minor, suffers from psychological trauma as a result of the injuries to MICHAEL and his subsequent death, such psychological trauma causing physical injury to the Plaintiff, N.C., a minor. 2nd Compl., ¶ 49. The Plaintiffs, LINDA CAMBERDELLA and IRVING CAMBERDELLA, as natural guardians of N.C., a minor claim all non-economic damages on their daughter's behalf as an exception to the impact rule. 2nd Compl., ¶ 50. Again, it is not

CASE NO.: 14:81258-cv

necessary to allege evidentiary facts (i.e., the exact events described by reference to exact dates, places, persons, involved). *Beckler v. Hoffman*, 550 So. 2d at 70.

As a result, Plaintiffs sufficiently plead all elements of a cause of action for Negligent Infliction of Emotional Distress. The State Trial Judge has previously denied Defendants' attempt to dismiss this cause of action as it is properly plead. Consequently, Defendants' Motion to Dismiss Count II should be denied.

### B. COUNT III INCLUDES SUFFICIENT FACTS AND DETAIL TO SURVIVE DEFENDANTS' MOTION TO DISMISS.

Plaintiffs sufficiently plead a cause of action for violation of 42 USC § 1983 against Defendant BRADSHAW. Plaintiffs refer Defendants back to paragraphs ¶ 13-24, which includes the specific failures repeatedly made by Defendant BRADSHAW, as well as ¶ 25-38, which lists the specific failures to MICHAEL CAMBERDELLA individually.

Further, Defendants rely upon *West v. Tillman* that supervisory officials are not liable under § 1983 on the basis of respondent superior. 496 F.3d 1321, 1328 (11th Cir. 2007). Yet, Defendants' own case law cited acknowledges "the Supervisory Defendants are liable if they personally participated in the allegedly unconstitutional conduct or if there is "a causal connection between [their] actions ... and the alleged constitutional deprivation." *Id.* citing *Cottone v. Jenne,* 326 F.3d 1352, 1360 (11th Cir.2003). Moreover, the court recognized that the supervisory defendants can be liable if Plaintiff proves a history of widespread abuse [that] put[ ] the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. *Tillman*, 496 F.3d at 1329.

4

CASE NO.: 14:81258-cv

Here, Plaintiff similarly provided detailed examples of similar acts where Defendant Bradshaw was put on notice for this widespread abuse, but has done nothing to address the issue. 2nd Compl., ¶ 14, 17, and 18. BRADSHAW is the final policymaking authority in matters of law enforcement in Palm Beach County. 2nd Compl., ¶ 8. He is responsible, among other things, for hiring, training, and supervising PBSO Deputy Sheriffs, and for establishing, enforcing, and if necessary, revising the policies, procedures, customs, and practices of PBSO. 2nd Compl., ¶ 8. PBSO created a Post-Critical Incident Assessment Team to meet, discuss, and evaluate shootings. 2nd Compl., ¶ 17. But the team is directed to produce no formal reports and draw no official conclusions. 2nd Compl., ¶ 17. It is thus, by design, incapable of determining whether an officer involved in a shooting is in need of training, discipline, or other remedial action. 2nd Compl., ¶ 17. Moreover, PBSO's training division does not conduct formal reviews of officer involved shootings. 2nd Compl., ¶ 17. Prior to the incident involving MICHAEL CAMBERDELLA, BRADSHAW was aware of other similar incidents including that of John Garczynski in 2005, Chester Washington in 2006, Andy Jackson II in 2007, Ruben DeBrosse (age 16) in 2008, and Adam Phillips in 2008, just to name a few. 2nd Compl., ¶ 14. Between January 2005, when BRADSHAW became Sheriff, and October 2010, PBSO officers shot 31 people, killing 16. 2nd Compl., ¶ 14. Of these 31 shootings, 30 were found by PBSO to be justified, often following little or no investigation. 2nd Compl., ¶ 14.

Contrary to Defendant's allegations, a supervisor can be responsible for the negligent training and supervision of its officers. As cited in *Greason v. Kemp*, the Supreme Court held that a municipality can be liable for deficient training of city officials if the city's policymakers were

5

deliberately indifferent to infringements of constitutional rights that are caused by lack of training and supervision.  891 F.2d 829, 837 (11th Cir. 1990).  Additionally, the determination of whether a supervisor was deliberately indifferent and whether that indifference was causally related to the constitutional violation is a fact-sensitive inquiry.  *Greason*, 891 F.2d at 837 citing *Waldrop*, 871 F.2d at 1034. As cited in Plaintiffs' Complaint, the failure of BRADSHAW to competently investigate use of force incidents, and to institute appropriate disciplinary and retraining action in the wake of them, serves to tacitly condone the egregious misconduct of the deputies involved. 2nd Compl., ¶ 24. The agency's inaction in this regard effectively annuls its official general orders regarding the use of force and substitutes in their place a permissive de facto custom and practice of tolerating excessive force, which will invariably have the effect of promoting similar misconduct by other deputies in the future. 2nd Compl., ¶ 24.

In sum, the pattern and practice of the excessive use of force on the part of PBSO officers stems from systemic deficiencies in training and supervision and from the inadequate investigation and routine ratification of the use of deadly and excessive force.  2nd Compl., ¶ 24. *See also* 2nd Compl., ¶ 14-18.   Plaintiff provided sufficient detail and facts in support of its § 1983 cause of action against BRADSHAW.  Therefore, Defendants' Motion to Dismiss Count III should similarly be denied.

### C.  COUNT V.

In reviewing Defendants' arguments, Plaintiff agrees that this cause of action is subsumed with Count I, Plaintiffs' Wrongful Death claim and Plaintiff hereby withdraws this cause of action.

CASE NO.: 14:81258-cv

WHEREFORE, Plaintiffs request that this Court deny Defendant's Motion to Dismiss Counts II and III of Plaintiffs' Second Amended Complaint and any other relief this court deems appropriate.

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the Clerk of Court on the 19th day of December by using the CM/ECF system which will send an electronic notice of filing to the following counsel of record: Harriet Lewis, 1900 Glades Road, Suite 251, Boca Raton, Florida 33431.

/s/ Sean C. Domnick
SEAN C. DOMNICK, ESQ.
Florida Bar No.: 843679
scd@DomnickLaw.com
Domnick Law
11701 Lake Victoria Gardens Ave, Suite 3201
Palm Beach Gardens, Florida 33410
Phone: (561) 229-0395
Fax:    (561) 229-0396
Attorney for Plaintiffs